# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**MAURICE A. JOHNSON, #33122**                                                  **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 2:10-cv-92-KS-MTP**

**JAMES MURRAY AND RICHARD COX**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Johnson, an inmate currently incarcerated in the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The named Defendants are James Murray and Richard Cox. Upon consideration of the record, the Court has reached the following conclusions.

## Background

Plaintiff was indicted for false pretense on August 25, 2006, in the Circuit Court of Lamar County. *Compl.* [1-2], p. 2. Plaintiff alleges that Defendants Murray and Cox "pursued the arrest and unlawful detaining of Plaintiff for crimes that were not supported by factual predicate." *Compl.* [1], p. 9. As a result, Plaintiff claims he was falsely arrested and his incarceration is illegal. *Id.* This Court entered an order [6] on May 28, 2010, directing Plaintiff to provide more information regarding the charges against him and the revocation of his parole. Plaintiff filed a response [9] on July 15, 2010, in which he included the order by the Circuit Court of Lamar County demonstrating that the charges against him had been Nolle Prossed. *Resp.* [9-1], p. 1. However, Plaintiff's parole was revoked as a result of his having been arrested and charged with a crime. *Resp.* [9], p. 1. The Plaintiff fails to demonstrate that his parole revocation as a result of the false pretense charge has been invalidated, reversed or expunged.

Plaintiff seeks monetary damages as relief. *Compl*. [1], p. 9.

## Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune from such relief.

process or before the filing of the answer." *Id.* As discussed below, Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983.

To the extent Plaintiff is seeking monetary damages, this Court finds that Plaintiff's claims are precluded by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges Plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the Court were to find in Plaintiff's favor and determine that his constitutional rights were violated by the Defendants' alleged actions relating his arrest for false pretense leading to the revocation of his parole, it would necessarily imply the invalidity of his current confinement. Thus, Plaintiff's claims for monetary damages are barred by *Heck v. Humphrey*, at this time. *See Jeffery v. Owens*, 216 F. App'x 396, 397 (5th Cir. 2006) (citing *Littles v. Bd. of Pardons and Paroles Div.*, 68 F. 3d 122, 123 (5th Cir. 1995) (the rule in *Heck* applies to revocation of parole). In addition, the Plaintiff has failed to demonstrate that his parole revocation, conviction or

3

sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487. Therefore, Plaintiff's claim requesting monetary damages as a result of his alleged unlawful imprisonment cannot be maintained pursuant to 28 U.S.C. § 1983.

## Conclusion

As discussed above, Plaintiff's claims under 42 U.S.C. § 1983 are barred. Consequently, this case will be dismissed for failure to state a claim upon which relief may be granted, with prejudice, under 28 U.S.C. § 1915 (e)(2)(B)(ii).[2]

Since this case shall be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) it will be counted as a "strike".[3] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 2nd day of August, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[2] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

[3] Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."